UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **HOWARD BRYAN a.k.a. PAUL SMITH,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | Civil No. 18-cv-859 (APM) |
| **U.S. DEPARTMENT OF JUSTICE OFFICE OF INFORMATION POLICY,** | ) ) ) ) | |
| **Defendant.** | ) ) ) | |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

Plaintiff Howard Bryan, a New York state prisoner appearing *pro se*, brought this action under the Freedom of Information Act ("FOIA") to compel production of records from Defendant Department of Justice's ("DOJ") Office of Information Policy. Contending that it has fulfilled its obligations by conducting an adequate search for potentially responsive records, Defendant renews its motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See* Def. DOJ's Renewed Mot. for Summ. J., ECF No. 26 [hereinafter Def.'s Renewed Mot.]. The court agrees that the search was adequate. It therefore grants Defendant's motion for the reasons explained more fully below.

**II.    BACKGROUND**

On October 21, 1996, Plaintiff was convicted in Kings County, New York, and sentenced to twenty-five years to life. Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., ECF No. 33 [hereinafter Pl.'s Br.], Decl. in Opp'n to Def.'s Mot. for Summ. J., ECF No. 33-1, ¶ 9; Pl.'s Stmt. of Undisp. Facts, ECF No. 33-2, ¶ 1. Plaintiff alleges that his "conviction was obtained through violated

erroneous procedural practice to introduce false, fabricated and inconsistent trial testimony of Mr. Andre Franz Lindsay who had been working as an 5Kl.1 C.I. for The State of South Carolina Solicitor's Office."  Compl., ECF No. 1, ¶ 5.  On February 14, 2017, Plaintiff requested from DOJ's Civil Rights Division "information pertaining to [Mr. Andre Lindsay] working status as an [Confidential Informant]; Court and Probation file(s) and Plea Alloc[u]tion Transcript Deal Agreement."  Def. DOJ's Mot. for Summ. J., ECF No. 16, Decl. of Tink Cooper, ECF No. 16-2, Ex. A, at 1 (last alteration added).  The Civil Rights Division enforces the federal anti-discrimination statutes through civil and criminal actions.  See Def.'s Renewed Mot., Decl. of Tink Cooper, ECF No. 26-2 [hereinafter Cooper Suppl. Decl.], ¶ 5.

Defendant initially declined to conduct a search for responsive records on the ground that Plaintiff had failed to produce a waiver from Lindsay.  See Order, ECF No. 23, at 1.  The court rejected that rationale for a blanket refusal to search, and afforded Defendant an opportunity to renew its motion.  See id. at 2–3.

In response to this court's ruling, Tink Cooper, Deputy Chief of the Civil Rights Division, "directed FOIA staff" to search the Division's Interactive Case Management System ("ICM") and its Correspondence Tracking System ("CTS") "for records pertaining to Andre Lindsay."  Cooper Suppl. Decl. ¶ 4.  Those two databases "contain both the correspondence data and the investigation/case data for the entire Civil Rights Division."  Id.  All sections of the Division are "required to input their investigation/case data and correspondence data into" both databases.  Id.

Defendant's searches of each database located no responsive records.  The ICM is searchable by entering "an individual's name in the victim or subject fields," and the CTS is searchable by entering "the individual's name in the complainant, victim or subject fields."  Id. ¶ 6. Staff input "combinations of [Lindsay's] first and middle names and also used another spelling

2

of his surname"—Lindsey—"in case of an inadvertent misspelling." *Id*. ¶¶ 7–8 (listing variants). Those "multiple searches" covered "all of the Division's investigation, cases, and correspondence," yet turned up no responsive records. *Id*. ¶ 9.

### III. LEGAL STANDARD

Rule 56 provides that a court should grant summary judgment if "there is no genuine dispute as to any material fact and [the moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that is capable of affecting the outcome of litigation. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

FOIA authorizes district courts to enjoin federal agencies from withholding agency records and to order the production of any improperly withheld records. 5 U.S.C. § 552(a)(4)(B). An agency's obligation "to search for and disclose all responsive records" is triggered when it receives a request, *Ctr. for the Study of Servs. v. U.S. Dep't of Health & Human Servs*., 874 F.3d 287, 288 (D.C. Cir. 2017), that "reasonably describes" the records sought and "is made in accordance with [the agency's] published rules," 5 U.S.C. § 552(a)(3)(A). An inadequate search can constitute an improper withholding. *See Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) ("An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." (internal quotation marks and citation omitted)). The district court reviews the agency's action *de novo*, and "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B).

"FOIA cases are typically and appropriately decided on motions for summary judgment." *Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2009). To "successfully challenge an agency's showing that it complied with the FOIA, the plaintiff must come forward with 'specific facts' demonstrating that there is a genuine issue with respect to whether the agency has improperly

3

withheld extant agency records." *Span v. U.S. Dep't of Justice*, 696 F. Supp. 2d 113, 119 (D.D.C. 2010) (quoting *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989)).

## IV. DISCUSSION

As discussed, Defendant's search yielded no responsive records. Therefore, Defendant bears the burden of showing that, even with the facts viewed in the light most favorable to Plaintiff, the agency has conducted a search "reasonably calculated to uncover all relevant documents." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). To carry this burden, the agency may rely on a "reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

Defendant's declarant, Tink Cooper, identifies the various combinations of search terms used, describes in sufficient detail the search methodology and databases searched, and avers that "the Division's search was reasonably calculated to uncover all potentially responsive records and that all locations likely to contain relevant documents were searched." Cooper Suppl. Decl. ¶¶ 5–11. Plaintiff has offered nothing to call those representations into question. Rather, he counters that the government improperly withheld exculpatory material during his criminal prosecution. *See generally* Pl.'s Br. But that response does nothing to undermine the adequacy of the search. *See Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1177 (D.C. Cir. 2011) ("FOIA is not a substitute for discovery in criminal cases or in habeas proceedings. Instead, its purpose is to protect the citizens' right to be informed about what their government is up to.") (internal quotation marks and citation omitted)); *cf. Boyd v. Crim. Div. of U.S. Dep't of Justice*, 475 F.3d 381, 388 (D.C. Cir. 2007) (noting that "a single instance of a *Brady* violation" in a single prosecution does "not suffice to show a pattern of government wrongdoing") (addressing *Brady v. Maryland*, 373 U.S. 83

4

(1963)). Accordingly, notwithstanding the lack of responsive records, Defendant fulfilled its search obligation under FOIA. *See Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) ("The adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search.") (citing *Steinberg v. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994)).

## V.   CONCLUSION

For the foregoing reasons, Defendant's motion is granted. A final appealable order accompanies this Memorandum Opinion.

Dated: August 28, 2020

Amit P. Mehta
United States District Judge